ALLEN R. TAFT *v.* EDWARD L. AMSEL ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 107114
AT BRIDGEPORT

Memorandum filed February 24, 1962

*Cummings & Lockwood,* of Stamford, for the plaintiff.

*Vogel, Sigsway, Seidman & Harris,* of Norwalk, for the defendants.

DEVLIN, J. In this action the plaintiff, a New York attorney, seeks to recover compensation for legal services rendered defendants, husband and wife. He is not a member of the bar in this state. Their meeting grew out of a former family relationship and the fact that they were summer neighbors in Westport, Connecticut. The services were primarily rendered in this state and dealt with freight transportation problems concerning which the defendant Edward Amsel was well versed. The first problem is the capacity in which the services were rendered. The plaintiff contends they were strictly legal services rendered to both in the formulation of a master plan, formulated by defendant Rita Amsel, to set her husband up in a national transportation business by the acquisition of several trucking lines and other corporate structures to correlate and deal with all the problems to be involved.

The defendants agree with the objective but claim the plaintiff was a partner or engaged in the joint venture with them and the services were not rendered individually to them but as his contribution to the corporation and associations subsequently formed, and in which he had an interest. In a special defense, they question his right to recover for legal services rendered in a state in which he has no right to practice.

One of the corporations formed was the Allen Robert Taft Associates, in which the plaintiff was president and the defendant Rita Amsel, secretary and treasurer. This is described as a professionally trained organization with reciprocal agreements

with affiliated companies and membership in the principal national and state transportation societies offering professional and specialized knowledge of transportation, transportation law, distribution, warehousing, contract cartage, truck leasing, freight bill auditing and executive traffic management. Plaintiff claims his name was used so that Edward Amsel could continue in his capacity as general traffic manager for a private concern without becoming involved with conflicting interests. Negotiations were entered into for the acquisition of several established trucking companies, and other corporations were formed dealing with other phases of transportation problems. The plaintiff was a key figure in all of these matters. The transactions which subsequently followed in attempting to build this traffic empire were extensive, intricate and at times intriguing. While the plaintiff may have attempted to limit his participation in the affairs to the giving of legal advice, his activities in the active management of the Rudolf Motor Lines gainsay this fact. In the conflicting evidence presented, it is impossible for the court to determine at any point where the plaintiff is acting in the individual interests of the defendants and not in behalf of and as a member of the corporation involved.

Of far more importance, however, is the claim of law set out in the special defense. The law seems to be well settled that no one is entitled to recover compensation for services as an attorney at law unless he has been duly admitted to practice before the court, or within the jurisdiction in which the services were rendered, and is an attorney in good standing at the time. *Hardy* v. *San Fernando Valley Chamber of Commerce,* 99 Cal. App. 2d 572; *Harris* v. *Clark,* 81 Ind. App. 494; 7 C.J.S. 1022, § 165; 5 Am. Jur. 353, § 156; note, 118 A.L.R. 646, 652. And the same rule applies to a claim based on

quantum meruit. *Baca* v. *Padilla,* 23 N.M. 223; 7 C.J.S. 1078, § 191. Prior to 1933 the prohibition in our statutes was primarily directed against the appearance in court of persons not admitted to the bar. Rev. 1930, §§ 5343, 5345. In that year both of these sections were broadened by the addition of a provision that unauthorized persons should not "practice law," and that is our present law. Cum. Sup. 1935, §§ 1627c, 1628c; General Statutes §§ 51-80, 51-88. The purpose of the amendment was to forbid the performance of any acts, by persons not admitted as attorneys, in or out of court, commonly understood to be the practice of law. *Grievance Committee* v. *Payne,* 128 Conn. 325, 330.

The allegations in the complaint admittedly come within the prohibition, and judgment may enter for the defendants.