ANTHONY DOMIZIO v. EDWARD J. DELAHUNTY

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 52963
WATERBURY

Memorandum filed June 19, 1980

*Voog, Simmons & Voog,* for the plaintiff.

*Keefe & Dodd,* for the defendant.

JAMES T. HEALEY, J. The plaintiff sought to enjoin the defendant from enforcing the artificer's lien he claimed to have on a motor vehicle owned by the plaintiff and upon which the defendant allegedly performed some repairs for which he has not been paid. Pursuant to General Statutes § 49-61 the defendant, by letter of October 26, 1979, gave notice to the commissioner of motor vehicles of his claim to a lien and his intention to exercise his claimed rights by sale. By letter of April 18, 1980, the defendant notified the plaintiff of his intention to conduct the sale on May 3, 1980, at 10 a.m. On May 2, 1980, a temporary restraining order was issued enjoining the sale until further order of

court and such order was served on the same day. By motion filed on May 8 the defendant moved to dissolve the temporary restraining order.

At the hearing on the motion to dissolve, the evidence was persuasive that the plaintiff had, in August, 1978, delivered a motor vehicle owned by him to the defendant for various repairs. The defendant did perform repair work on the vehicle but did not achieve a successful result. The reason for lack of success was much in dispute, but a resolution of that issue is not necessary to a determination of the matter now before the court.

At the hearing the defendant conceded that at the time the work was performed neither he nor anyone in his employ was licensed by the commissioner of motor vehicles. General Statutes § 14-52 provides: "No person . . . shall engage in . . . the repairing of any motor vehicle without having been issued either a new car dealer's, a used car dealer's or a repairer's license."

The general rule appears to be that if there is a licensing requirement, the intent of which is to protect the public from incompetency and lack of experience, then failure to have such a license will preclude enforcement by the actor of any contract for performance of work which falls within the field of licensure. *Tator* v. *Valden,* 124 Conn. 96; *Taft* v. *Amsel,* 23 Conn. Sup. 225; *Douglas* v. *Smulski,* 20 Conn. Sup. 236; *Nathan* v. *United Jewish Center of Danbury,* 20 Conn. Sup. 183; *Lapuk* v. *Blount,* 2 Conn. Cir. Ct. 271; 51 Am. Jur. 2d, Licenses and Permits § 63; Restatement, 2 Contracts § 580; 15 Williston, Contracts (3d Ed. Jaeger) § 1768, pp. 269–70; 53 C.J.S., Licenses § 59.

The licensing requirement of the statute is clearly for the protection of the public. The fee

charged for the license is relatively nominal and, therefore, the purpose cannot be to obtain revenue. General Statutes § 14-51a renders violation of the licensing requirement criminal. Section 14-63-4 of the motor vehicle department regulations sets forth minimum requirements for qualification for issuance of a repairer's license, including experience, reputation and credit standing, an approved place of business, proper facilities, qualification as a mechanic, and sufficient tools and equipment.

The court, therefore, concludes that the defendant was acting contrary to the expressed public policy of the state in doing any repair work; that he did not become entitled to any compensation for whatever work he did do; that accordingly he has no artificer's lien and that his attempt to enforce what he claimed was his lien by sale of the vehicle would constitute irreparable harm to the plaintiff and relief by way of injunction is appropriate.

The motion to dissolve, therefore, is denied.