■ MILDRED HULME et al., Respondents-Appellants, v PATCHOGUE MOTORS, INC., Appellant-Respondent, et al., Defendant. —In an action to recover damages for negligence, breach of warranty and strict products liability, (1) the defendant Patchogue Motors, Inc., appeals, as limited by its brief, (a) from so much of an order of the Supreme Court, Suffolk County (Mazzei, J.), entered December 13, 1988, as denied those branches of its motion which were for leave to conform the answer to the proof, to vacate a trial ruling awarding the plaintiffs judgment as a matter of law against it with respect the second cause of action to recover damages for breach of warranty, and to dismiss that cause of action insofar as it is asserted against it, and (b) from so much of a judgment of the same court dated January 24, 1989, as was entered on the aforenoted provisions of the order entered December 13, 1988, and (2) the plaintiffs filed notices of cross appeal from the order and the judgment.

Ordered that the cross appeals by the plaintiffs are dismissed as abandoned; and it is further,

Ordered that the appeal by the defendant Patchogue Motors, Inc., from the order dated December 13, 1988, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the provisions of the order entered December 13, 1988, which are appealed from are vacated, those

branches of the motion of Patchogue Motors, Inc., which were to conform its answer to the proof, to vacate the trial ruling awarding the plaintiffs judgment as a matter of law against it with respect to the second cause of action, and to dismiss that cause of action insofar as it is asserted against it, are granted, and the complaint is dismissed insofar as it is asserted against Patchogue Motors, Inc., and it is further,

Ordered that the appellant-respondent is awarded one bill of costs, payable by the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiffs sued the appellant-respondent Patchogue Motors, Inc. (hereinafter Patchogue) and the codefendant Ford Motor Company (hereinafter Ford) and requested damages against both those defendants on theories of negligence, breach of warranty, and strict products liability. In its answer, Patchogue failed to deny the allegations made in the ninth paragraph of the plaintiffs' complaint, which were to the effect that the codefendant Ford had negligently "designed, tested, manufactured, assembled and inspected" the subject vehicle. The codefendant Ford, in its answer, explicitly denied these allegations.

During the course of trial, the court orally granted judgment as a matter of law in favor of the plaintiffs and against Patchogue with respect to the plaintiffs' causes of action based on breach of warranty and strict products liability. This ruling was evidently based on the trial court's belief that the admission contained in Patchogue's answer, noted above, warranted the entry of judgment in favor of the plaintiffs and against Patchogue on these two causes of action as a matter of law (see, CPLR 4401).

The jury subsequently returned a verdict unanimously finding that the Ford vehicle in question was not defective, that the defendant Ford was not negligent in the manufacture of the vehicle, and that Patchogue was not negligent in the servicing or repair of the vehicle. The court thereafter denied the plaintiffs' motion to set aside this verdict (CPLR 4404 [a]). The court also denied a cross motion by Patchogue for leave to conform the pleadings to the proof, and to vacate a trial ruling granting the plaintiffs' motion made during trial for

judgment as a matter of law against Patchogue and in favor of the plaintiffs as to liability with respect to the breach of warranty and strict products liability causes of action.

A judgment was subsequently signed by the court. This document does not expressly provide for judgment in favor of the plaintiffs and against Patchogue as to liability, either with respect to the plaintiffs' second cause of action (breach of warranty) or with respect to their third cause of action (products liability). Instead, it merely severs the second cause of action alone, and remits it "for such further proceedings as may be appropriate." In light of the court's prior order, however, we construe this as a judgment on the issue of liability against Patchogue and in favor of the plaintiffs with respect to the plaintiffs' second cause of action only. It is from this portion of the judgment that Patchogue appeals. We now reverse this judgment insofar as it is appealed from by Patchogue, and dismiss the complaint insofar as it is asserted against it.

The jury's verdict, which we find was supported by the weight of the evidence, was, in the context of the trial court's charge, sufficient to establish that the manufacturer of the vehicle in question was free of any liability for negligence, breach of warranty or strict products liability. The jury verdict in favor of Patchogue was likewise sufficient to establish, as a matter of fact, that Patchogue was free of any liability.

The trial court nonetheless imposed liability on Patchogue as a matter of law solely on the ground that Patchogue admitted in its answer that its codefendant, Ford, had been negligent in the design or manufacture of the car. This ruling was incorrect for at least two reasons.

First, as a matter of law, Patchogue's admission that Ford was in some unspecified respect negligent in the design of the subject vehicle is, by itself, insufficient to establish its liability to the plaintiffs on any theory. Patchogue specifically denied the allegation (contained in the eleventh paragraph of the plaintiffs' complaint) that Ford's supposed negligence had caused the injuries complained of by the plaintiffs. Patchogue's admission in the absence of an admission of causation, is insufficient to establish liability for negligence *(see, e.g., Kriz v Schum,* 75 NY2d 25, 34; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-315; 1A Warren, New York Negligence, Actionable Negligence, §§ 6.01—6.02; Restatement [Second] of Torts § 281 [c]; Prosser and Keeton, Torts § 41 [5th ed]; PJI 2:70), strict products liability, or breach of warranty *(see, e.g.,*

*Codling v Paglia,* 32 NY2d 330; *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 126; 47 NY Jur, Products Liability, §§ 74-78; PJI 2:141).

Second, we consider the court's denial of Patchogue's motion to amend its answer so as to conform to the proof to have been an improvident exercise, if not an actual abuse, of discretion. Such motions should be granted in the absence of prejudice to the opposing party *(see,* CPLR 3025 [c]; *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18; *Murray v City of New York,* 43 NY2d 400; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.26; 6 Carmody-Wait 2d, NY Prac §§ 34:39–34:41). Considering that the issue of the codefendant Ford's liability was fully litigated (since Ford itself had denied all allegations which could have imposed liability against it), the plaintiffs would have suffered no substantial prejudice if Patchogue's motion had been granted.

For these reasons, the trial court erred insofar as it granted judgment in favor of the plaintiffs and against the defendant Patchogue, and we therefore reverse the judgment insofar as appealed from. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.