# PHILIP M. PERLAH *v.* S.E.I. CORPORATION ET AL.
## (10838)

DALY, LAVERY and FREEDMAN, Js.

Argued June 9—decision released September 8, 1992

*Gerald Hecht,* with whom was *Frank Indelicato,* for the appellant (defendant James Malloy).

*Andrew F. Fink,* for the appellee (plaintiff).

DALY, J. The defendant James Malloy[1] appeals from the trial court's judgment in favor of the plaintiff, rendered in accordance with the report of an attorney trial referee. The defendant claims that the trial court improperly awarded compensation to the plaintiff for legal services the plaintiff performed before becoming a member of the Connecticut bar.

The following facts are relevant to this appeal. The plaintiff and the defendant had known each other for several years before this transaction. The defendant knew that the plaintiff worked as a corporate attorney at their previous place of employment in Greenwich. During September, 1987, the plaintiff entered the private practice of law and maintained an office at his previous place of employment. In January, 1988, the defendant asked the plaintiff to represent the defendant's investment group, which sought to acquire the controlling interest in a New York corporation, XI Tech, Inc. From January, 1988, until March, 1988, the plaintiff prepared legal documents and performed other services for the defendant's investment group. During his representation of the defendant's investment group, the plaintiff formed a Connecticut corporation to assist in acquiring the New York corporation.

The plaintiff instituted this action to recover attorney's fees and costs related to his representation of the defendant's investment group. The plaintiff initially was admitted to the practice of law in the state of New York only. On February 11, 1988, the plaintiff was

[1] On December 18, 1990, the defendants S.E.I. Corporation and Peter J. Shippole were defaulted and are not involved in this appeal. We refer in this opinion to James Malloy as the defendant.

admitted to the practice of law in the state of Connecticut. In his amended complaint, the plaintiff alleged that in his capacity as an attorney he rendered legal services for the defendant between January 20, 1988, and March 14, 1988. In his answer to the complaint, the defendant raised as a special defense that he "had no relationship" with the plaintiff.

This matter was referred to an attorney state trial referee. The referee found that an oral agreement existed between the plaintiff and the defendant concerning the plaintiff's representation of the defendant's investment group. The referee rejected the defendant's argument that an award of attorney's fees for legal services performed before the plaintiff was admitted to practice in Connecticut violated General Statutes § 51-88. The referee reasoned that § 51-88 prohibits only an attorney not licensed to practice in Connecticut from appearing in court and does not prohibit an attorney licensed to practice in New York from engaging in interstate corporate practice involving the acquisition of a New York corporation. The plaintiff was awarded $15,535.85, representing fees and costs.

On June 25, 1991, the defendant filed a motion to correct and objections to the acceptance of the referee's report. The referee stated that he considered the plaintiff to be acting as a New York attorney who represented a Connecticut resident. He determined that a lawyer licensed in New York did not have to maintain an office in the state of New York in order to render legal services. The referee also found that there was no evidence indicating how much of the plaintiff's time involved creating the Connecticut corporation. The referee also rejected the defendant's argument that the plaintiff's representation before being admitted to practice in Connecticut violated § 51-88. The trial court accepted the referee's report and rendered judgment

in accordance with the report. The defendant appealed from this decision.

The defendant claims that the plaintiff was not entitled to recover attorney's fees for the legal services he performed in Connecticut before being admitted to practice in this state. Before addressing this claim, we must determine whether it was properly preserved. The plaintiff argues that the defendant failed to plead as a special defense that § 51-88 barred recovery in this action.

The defendant filed a special defense claiming only that he had no relationship with the plaintiff. The defendant raised the issue concerning the violation of § 51-88 at trial during his oral motion for dismissal at the end of the plaintiff's case-in-chief. The defendant further pursued this claim in his motion to correct. The plaintiff never objected to the defendant's argument concerning § 51-88. Because the plaintiff did not object to the evidence and argument related to the claimed defense that § 51-88 prohibited recovery of attorney's fees, the plaintiff has waived his right to raise a claim of "pleading deficiency" by the defendant. *Pepe* v. *New Britain,* 203 Conn. 281, 286, 524 A.2d 629 (1987); *Carnese* v. *Middleton,* 27 Conn. App. 530, 537, 608 A.2d 700 (1992).

Section 51-88[2] prohibits the practice of law in or outside a Connecticut courtroom by a person not admitted as an attorney under the provisions of General Statutes § 51-80. *Grievance Committee* v. *Dacey,* 154 Conn. 129, 140, 222 A.2d 339 (1966), appeal dismissed,

---

[2] General Statutes § 51-88 (a) provides: "A person who has not been admitted as an attorney under the provisions of section 51-80 shall not: (1) Practice law or appear as an attorney-at-law for another, in any court of record in this state, (2) make it a business to practice law, or appear as an attorney-at-law for another in any such court, (3) make it a business to solicit employment for an attorney-at-law, (4) hold himself out to the public as being entitled to practice law, (5) assume to be an attorney-at-law, (6) assume,

386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404 (1967). In *Dacey,* our Supreme Court rejected the defendant's argument "that the practice of law, out of court, is not forbidden unless carried on as a business . . . ." Id. Here, the plaintiff was clearly engaged in the practice of law through his representation of the defendant's investment group even though he did not appear in a Connecticut courtroom.

"Generally, even though duly admitted in another state, an attorney may not recover compensation for legal services unless he has been admitted to practice in the jurisdiction where the services were rendered." 7 Am. Jur. 2d 280, Attorneys at Law § 242; see *Taft* v. *Amsel,* 23 Conn. Sup. 225, 227, 180 A.2d 756 (1960). In *Taft,* the plaintiff, an attorney licensed in New York sought to recover compensation for legal services performed on behalf of the defendants who were residents of Connecticut. The legal services were primarily rendered in Connecticut and involved the creation of an interstate transportation business. The trial court in *Taft* concluded that the plaintiff was not entitled to any recovery of compensation for legal services. The *Taft* court concluded "that no one is entitled to recover compensation for services as an attorney at law unless he has been duly admitted to practice before the court, or within the jurisdiction in which the services were rendered, and is an attorney in good standing at the time. . . . And the same rule applies to a claim based on quantum meruit." *Taft* v. *Amsel,* supra, 227–28. Although we are not bound by the *Taft* decision; see *Rodia* v. *Tesco Corporation,* 11 Conn. App. 391, 397, 527 A.2d 721 (1987); we agree with its reasoning and

use or advertise the title of lawyer, attorney and counselor-at-law, attorney-at-law, counselor-at-law, attorney, counselor, attorney and counselor, or an equivalent term, in such manner as to convey the impression that he is a legal practitioner of law, or (7) advertise that he, either alone or with others, owns, conducts or maintains a law office, or office or place of business of any kind for the practice of law."

adopt it. See *State* v. *Johnson,* 28 Conn. App. 708, 717, 613 A.2d 1344 (1992).

Here, the plaintiff practiced law in Connecticut, preparing documents for the acquisition of a New York corporation by the defendant's investment group. The plaintiff performed some services before he was admitted to practice in Connecticut on February 11, 1988. We conclude that § 51-88 prohibited the plaintiff from receiving compensation for legal services performed before being admitted to practice in Connecticut.

The trial court's award of attorney's fees to the plaintiff for services performed before being admitted to practice in Connecticut was not legally correct. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).

The judgment is reversed and the case is remanded for further proceedings to determine the amount of compensation payable for legal services performed in Connecticut after the plaintiff's admission to practice in Connecticut.

In this opinion the other judges concurred.