[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Philip M. Perlah, is an attorney who commenced an action against three defendants, S.E.I. Corporation, Peter J. Shippole, and James Malloy, for legal services allegedly rendered to the defendants.
The case was referred to Attorney Kevin Tierney, an attorney trial referee, in accordance with General Statutes 52-434(a)(4) and Practice Book 428 et seq. The attorney trial referee recommended that judgment enter for the plaintiff against the defendants jointly and severally in the amount of $15,535.85.
This recommendation was accepted by this court, Mottolese, J., who entered judgment for the plaintiff in the above amount. This decision was appealed to the Appellate Court, which remanded the case to this court in29 Conn. App. 43, 612 A.2d 806 (1992), because the award included compensation for legal services rendered by plaintiff before he was admitted CT Page 3743 to practice in Connecticut, in violation of General Statutes 51-88. "We conclude that 51-88 prohibited the plaintiff from receiving compensation for legal services performed before being admitted to practice in Connecticut." Id., 48. Thus, the case was remanded "for further proceedings to determine the amount of compensation payable for legal services performed in Connecticut after the plaintiff's admission to practice in Connecticut." Id. The Appellate Court also pointed out in footnote 1 on page 44 that the defendants S.E.I. Corporation and Shippole were defaulted, and that James Malloy is referred to as defendant.
The attorney trial referee held another hearing pursuant to the remand and recommended an award of $10,033.85, representing legal services rendered between February 11, 1988, when plaintiff was admitted to practice in this state, and March 14, 1988, when his legal services terminated. The referee also recommended the award of prejudgment interest, pursuant to General Statutes 37-3a, commencing on November 5, 1991, the date of Judge Mottolese's decision rendering judgment in favor of the plaintiff, on the theory that defendant Malloy should have realized by that date that Perlah was entitled to be compensated for legal fees.
In accordance with Practice Book 438, Malloy moved to correct the attorney trial referee's report to exclude the award of prejudgment interest, and to delete the finding that $175 was a reasonable hourly rate. In response to the defendant Malloy's motion to correct, the referee stated that "upon the review of the legal documents prepared, the sophistication of those documents and the benefits to the Defendants of those documents" he found that $175 an hour was reasonable.
The usual review of an attorney trial referee's report by this court consists of two tasks, according to Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied,217 Conn. 811, 587 A.2d 153 (1991). The first is to determine whether "there was ample evidence to support the attorney trial referee's factual findings," and the second is to rule on whether "the conclusions reached were in accordance with applicable law." In this case, however, although Malloy did file objections to the acceptance of the report, Practice Book 440, he did not file a transcript of the trial and exceptions asking this court to correct the report. Practice Book 439. It follows therefore that the factual findings by the referee must stand uncorrected. Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994 (1985) (our task is "limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions"). Failing to file exceptions constitutes in effect a "waiver" of the right to "attack the subordinate factual findings contained in the report." Bernard v. Gershman, 18 Conn. App. 652, 655,559 A.2d 1171 (1989). CT Page 3744
This court's authority in reviewing an attorney trial referee's recommendations is a limited one, in any event. As our Supreme Court held in Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517 (1989): (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Also, Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 425, 567 A.2d 1250 (1989), notes that "[i]n a contract action, findings of fact should be overturned only when they are clearly erroneous."
Since we must accept the referee's findings of fact in the absence of any exceptions to the report, this court's task, according to Bernard v. Gershman, supra, 656, is to determine whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440. The Appellate Court added that "[w]here evidence is in conflict, its probative force is for the trier of fact to determine." Id. Reviewing the motion to correct, one senses that the defendant is attempting to substitute his own version of the facts for those found by the referee, which is a practice discountenanced in Argentis v. Gould, 23 Conn. App. 9, 19, 579 A.2d 1078 (1990).
The objections by defendant to the acceptance of the referee's report, filed in accordance with Practice Book 440, contend that (1) the plaintiff did not plead or prove entitlement to prejudgment interest and that the referee had "fabricated" a cause of action in this regard; and (2) no evidence had been submitted that the plaintiff's hourly rate of $175 was fair and reasonable.
I agree with the referee's conclusion that judgment should enter in favor of the plaintiff because he found as a fact that the plaintiff's charge of $175 an hour was fair and reasonable under all the circumstances. In summary, no material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443. In the words of Practice Book 440, the conclusions "were properly reached on the basis of the subordinate facts found."
Judgment is entered in favor of the plaintiff in accordance with the recommendation of the attorney trial referee on remand, except as to the award of prejudgment interest. I do not believe such interest is warranted because after receiving the November 5, 1991 decision of this court, the defendant appealed to the Appellate Court, which sustained his appeal as to CT Page 3745 his obligation to pay legal fees prior to Perlah being admitted to practice in this state. Hence, I do not agree with the conclusion that the detention of money by the defendant Malloy was "wrongful" under the circumstances. Associated Catalog Merchandisers, Inc. v. Chagnon, 210 Conn. 734, 748,557 A.2d 525 (1989).
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of April, 1993.
William B. Lewis, Judge