[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON STATEWIDE GRIEVANCE COMMITTEE'S MOTION FORSUMMARY JUDGMENT
This is an action by the Statewide Grievance Committee wherein it seeks to restrain respondent Roney L. Harris from engaging in the unauthorized practice of law pursuant to Practice Book Section 31(c). The Complaint dated October 29, 1993 alleges in the first three paragraphs, the following:
"1. Roney L. Harris (hereinafter, Respondent) has not been admitted as a member of the Bar of the State of Connecticut. CT Page 12481-S
"2. The following advertisement, entitled "Uncontested Pro se Divorce", appeared in The Hartford Courant television listing supplement for Sunday, December 8, 1991:
 Paralegals prepare all papers for your signing and step you through the self-help divorce.
 Paralegal fee: $200.00 Court fee: $125.00 Sheriff fee: $ 25.00
------------ ------- Total cost: $350.00
Call Ron, 9:00 a.m. — 9:00 p. m. — 243-5428.
"3. The telephone number appearing in the advertisement was listed in the 1991/1992 SNET Hartford telephone directory and is currently listed in the 1993/1994 directory to Roney L. Harris at 186 Branford Street."
These allegations have been admitted by the defendant. (Revised Answer dated January 3, 1994). Although the defendant filed a counterclaim and 12 affirmative defenses CT Page 12481-T (also dated January 3, 1994), that counterclaim and those special defenses were stricken by the court. (See Memorandum of Decision dated June 12, 1995). Also Count 19 of the counterclaim was dismissed (see Memorandum of Decision dated June 12, 1995). The court notes that the defendant has filed another counterclaim dated August 21, 1995. However, he merely repeats the allegations set forth in his January 3, 1994 counterclaim which was stricken.
The Statewide Grievance Committee has filed a Motion for Summary Judgment dated June 27, 1995, and the defendant has filed an objection thereto. Based upon the undisputed facts set forth in paragraphs 1 through 3 of the Complaint, the court holds that summary judgment should be granted.
General Statutes § 51-88 provides:
 "(a) A person who has not been admitted as an attorney under the provisions of section 51-80 shall not: (1) Practice law or appear as an attorney-at-law for another, in any court of record in this state, (2) make it a business to practice law, or appear as an attorney-at-law for another in any such court, (3) make it a CT Page 12481-U business to solicit employment for an attorney-at-law, (4) hold himself out to the public as being entitled to practice law, (5) assume to be an attorney-at-law, (6) assume, use or advertise the title of lawyer, attorney and counselor-at-law, attorney-at-law, counselor-at-law, attorney, counselor, attorney and counselor, or an equivalent term, in such manner as to convey the impression that he is a legal practitioner of law, or (7) advertise that he, either alone or with others, owns, conducts or maintains a law office, or office or place of business of any kind for the practice of law."
This statute prohibits the practice of law in or outside a Connecticut courtroom by a person not admitted as an attorney. Preparing documents for clients has been held to constitute the practice of law. Perlah v. S.E.I. Corporationet al, 29 Conn. App. 43, 48 (1992); Grievance Committee v.Dacey, 154 Conn. 129 (1966), Grievance Committee of the Bar ofNew Haven County v. Payne, 128 Conn. 325 (1941); State BarAssociation v. Connecticut Bank Trust Co., 145 Conn. 222. "What constitutes `preparation' of legal documents is CT Page 12481-V construed broadly. `Preparation' of instruments, even withpreprinted forms involves more than a mere scrivener's duties and, therefore, constitutes the practice of law." Monroe v.Daniel B. Horwitch, et al., 820 F. Sup. 682, 686 (Conn. 1993) aff'd without op., 19 F.3d 9 (2nd Cir. 1994).
The court holds that preparing divorce papers and stepping customers through the divorce are acts commonly understood to be the practice of law under Payne, CBT andMonroe. The defendant has violated General Statutes § 51-88(a) by performing acts understood to be the practice of law.
Accordingly there being no genuine issue of material fact, the plaintiff's motion for summary judgment is granted, the defendant's objection thereto is overruled, and the defendant is restrained from engaging in the unauthorized practice of law.
Frances Allen State Trial Referee