[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party defendant Audrey A. Nixon has filed a motion to dismiss the third-party complaint filed by the Housing Authority of the City of Bridgeport (Housing Authority) on the ground that the third-party complaint was not served within the time provided by Public Act No. 95-111 § 1(a). The Housing Authority claims that process was delivered to the sheriff within the 120 period provided by that Public Act and was served within fifteen days thereafter in accordance with General Statutes §52-593a.
Public Act No. 95-111 § 1 provides in pertinent part that "[a] defendant in any civil action to which section 52-572h of the general statutes applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. . . ."
The original complaint bears a return date of August 29, 1995, and the sheriff's return on the apportionment complaint bears a date of service of January, 1996 — 133 days after CT Page 7022 the original return date. This court need not determine whetherPublic Act No. 95-111 § 1 is directory or a mandatory statute of limitations, or whether a failure to make timely service may be excused by the failure of the clerk or the court to process the papers in a timely manner. Cf. Kron v. Thelen, 178 Conn. 189,197, 423 A.2d 857 (1979); Trap Falls Realty Holding v.Board of Tax Review, 29 Conn. App. 47, 104, 612 A.2d 814 (1992). But see, e.g., St. Paul Fire Marine Insurance Co. v. GeneseeManagement, Inc., Superior Court, Judicial District of Danbury No. 322290 (1996), and Stroud v. Pfeffer, Superior Court, Judicial District of Fairfield, No. 324804 (16 Conn. L. Rptr. 403) (1996), holding that the failure to serve an apportionment complaint within the 120 period provided byPublic Act No. 95-111 § 1 renders the apportionment complaint subject to dismissal.
Here, the Housing Authority has provided an affidavit of the sheriff who made service on the third-party defendant. In that affidavit, the sheriff attests that process was delivered to him on December 27, 1995, 120 days after the original return date, and was served on January 9, 1996, thirteen days later. General Statutes § 52-593a(a) provides in relevant part that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." "It is settled that statutes must be construed consistently with other relevant statutes because the legislature is presumed to have created a coherent body of law." PetcoInsulation Co., Inc. v. Crystal, 231 Conn. 315, 323-324,649 A.2d 790 (1994). The court construesPublic Act No. 95-111 § 1 and General Statutes § 52-593a(a) in this manner.
Because process was delivered to a sheriff within 120 days and was served by him within fifteen days or that delivery, service was timely made. The motion to dismiss of the third-party defendant is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court
CT Page 7023