■ Lorenzo Marble & Tile, Inc., Appellant, v David E. Meves et al., Respondents. [654 NYS2d 607] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 22, 1996, which granted the defendants' motion to dismiss the complaint and denied the plaintiff's cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court properly concluded that under the East Hampton Town Code (hereinafter the Code), an unlicensed subcontractor may not recover against a general contractor.

The relevant Code provisions state that a contract for home improvement services between, *inter alia,* a contractor and "an owner or his agent" constitutes a "home improvement contract" within the meaning of the Code licensing requirement (Code of the Town of East Hampton, § 89-5 [E]). Further, section 89-5 (E) of the Code also broadly defines the term "owner" as including "any owner, lessor, tenant or user of residential property, or *any other person* who orders, contracts for or purchases the services of a home improvement contractor or *any person* entitled to performance of such service pursuant to a home improvement contract" (emphasis supplied).

Here, there is no dispute that the defendant general contractor purchased the plaintiff's home improvement services. Moreover, the record supports the conclusion that the general contractor was the owner's agent for obtaining the services of subcontractors. Accordingly, the Code licensing requirements are applicable. Inasmuch as the plaintiff concededly was not in possession of a license at the time the work was performed, the Supreme Court properly dismissed its complaint *(see, B & F Bldg. Corp. v Liebig,* 76 NY2d 689; *Sorg v Marple,* 230 AD2d 831; *Ermont Assocs. v Battenfeld,* 210 AD2d 293; *Ellis v Gold,* 204 AD2d 261; *Hughes & Hughes Contr. Corp. v Coughlan,* 202 AD2d 476; *Bujas v Katz,* 133 AD2d 730; *Millington v Rapoport,* 98 AD2d 765; *cf., Corcoran Marble Co. v Clark Constr. Corp.,* 155 Misc 2d 49). Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.