█ FISHER MECHANICAL CORP., Doing Business as FISHER PLUMBING, Respondent, v GATEWAY DEMOLITION CORP. et al., Appellants. [669 NYS2d 347] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 3, 1996, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar a appealed from, on the law, with costs, that branch of the motion is granted, and the complaint is dismissed.

The defendant Gateway Demolition Corp. (hereinafter Gateway), the general contractor on a construction project for the New York City Transit Authority, subcontracted the plumbing work on the project to the plaintiff Fisher Mechanical Corp. d/b/a Fisher Plumbing (hereinafter Fisher). When Gateway terminated the subcontract a few months later, Fisher commenced the instant action to recover damages for breach of contract. The defendants subsequently moved, *inter alia,* for summary judgment dismissing the complaint on the ground that Fisher was not licensed to perform plumbing work in New York City. The Supreme Court denied that branch of the motion which was for summary judgment, reasoning that the City's licensing requirements did not apply to this dispute between the general contractor and its subcontractor. We disagree.

It is undisputed that it is unlawful for any entity to either perform plumbing work or engage in the business of plumbing in New York City without a license (Administrative Code of City of NY §§ 26-142, 26-138, 26-131). In addition to the requirement that the entity performing the work be licensed, there is also a requirement that all work be performed under

the direct supervision of a licensed master plumber, and that the persons performing the work all be in the employ of the entity holding the license (*see,* Administrative Code § 26-142).

It has long been held that the failure to hold a plumber's license precludes recovery for plumbing work performed within New York City (*see, Johnston v Dahlgren,* 166 NY 354; *see also, Schnaier & Co. v Grigsby,* 199 NY 577; *Vitanza v City of New York,* 48 AD2d 41, *affd* 40 NY2d 872), and that the licensing requirements are to be strictly enforced (*see, Vitanza v City of New York, supra*). The Court of Appeals has stated that "We know of no trade, business or calling in the community which more vitally affects the public health and safety of city dwellers than that of plumbing" (*People ex rel. Stepski v Harford,* 286 NY 477, 485; *see also, Richards Conditioning Corp. v Oleet,* 21 NY2d 895, 896).

In *Vitanza v City of New York (supra,* at 45), this Court held that a "general contractor who is not a licensed plumber may not be awarded a municipal plumbing contract", and further noted that the licensing requirements were to be strictly enforced: "The courts have been adamant in their refusal to permit recovery under a contract to do plumbing work where the contractor is not licensed. Existence of the license has been termed a condition precedent to recovery (*Johnston v Dahlgren,* 166 NY 354; *Nu-Brass Plumbing & Heating v Wiener,* 29 AD2d 172). So strict has been judicial construction of the statutory requirement through concern for the public health and welfare (see *People ex rel. Nechamcus v Warden,* 144 NY 529), that the requirement may not be satisfied by employing or subletting the plumbing work to a licensed master plumber" (*Vitanza v City of New York, supra,* at 44).

Moreover, in *Vitanza v City of New York (supra,* at 45), this Court also observed that "[t]he scheme and the pattern of the licensing statute is to prohibit one who is not licensed from performing or contracting to perform plumbing work". The latter observation is instructive here. If, as the Supreme Court determined, a subcontractor doing plumbing work need not be licensed, the entire protective net of the licensing laws will be defeated. If the licensing laws could be so easily avoided merely by acting as the subcontractor on the job, a major hole would be opened in the "scheme and pattern" of the licensing laws.

A similar situation involving the licensing laws for home improvement contractors was addressed by the Appellate Division, First Department, in *Chosen Constr. Corp. v Syz* (138 AD2d 284). In *Chosen,* the homeowners contracted with Chosen to build a rooftop extension onto their apartment. Chosen

subcontracted part of the work to Sun System Prefabricated Solar Greenhouses, Inc. When the homeowners stopped making payments because they were unhappy with the progress of the work, Chosen and Sun brought separate actions (which were consolidated) to recover amounts allegedly due. The First Department held that as neither the general contractor Chosen nor the subcontractor Sun had obtained the proper licenses at the time the work was performed, neither could recover for breach of contract or in quantum meruit.

Similarly, in *Lorenzo Marble & Tile v Meves* (236 AD2d 448), which also involved the licensing requirements for home improvement contractors, and is similar to the instant case, this Court held that "[c]ontrary to the plaintiff's contentions, the Supreme Court properly concluded that under the East Hampton Town Code * * * an unlicensed subcontractor may not recover against a general contractor". In *Zimmett v Professional Acoustics* (103 Misc 2d 971), again a case involving a home improvement contract, the unlicensed subcontractor was not permitted to counterclaim against the property owner for moneys allegedly due under the contract.

Here, the evidence established that Fisher was performing plumbing work without the requisite license. Since Fisher was not licensed to do plumbing work in the City of New York, it may not recover against Gateway (*see, Lorenzo Marble & Tile v Meves, supra; Chosen Constr. Corp. v Syz, supra; Zimmett v Professional Acoustics, supra*). That Fisher allegedly had a master plumber inspecting the site, and that Gateway allegedly knew Fisher was not licensed, does not bar the application of the above rules (*see, e.g., Bronold v Engler,* 194 NY 323 [recovery denied to unlicensed plumbing firm even though firm's manager was licensed]; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593 [recovery denied to unlicensed corporation even though president was licensed]; *Millington v Rapoport,* 98 AD2d 765 [recovery denied even though homeowner knew that contractor was unlicensed]; *Hughes & Hughes Contr. Corp. v Coughlan,* 202 AD2d 476).

Accordingly, that branch of the motion which was for summary judgment dismissing the complaint should have been granted. O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.