■ Dwight Getting Heating and Air Conditioning, Inc., Respondent, v Jeradco, Ltd., Defendant, and Jay Reidel et

al., Appellants. [679 NYS2d 407] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Silverman, J.), dated September 25, 1997, which denied their motion pursuant to CPLR 4404 (b) to set aside the determination of the court, rendered pursuant to CPLR 4213 after a nonjury trial, in favor of the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover the balance allegedly due under a contract to install an air conditioning system in the appellants' building located in Stamford, Connecticut. At the time, the plaintiff did not have a valid license to perform such work in Connecticut (see, Conn Gen Stat § 20-330 [1], [5]; §§ 20-334, 20-341). The failure of the plaintiff to possess such a license bars it from recovering any sums allegedly due for the work either under a breach of contract theory or under a quantum meruit theory (see, Fisher Mech. Corp. v Gateway Demolition Corp., 247 AD2d 579; Ermont Assocs. v Battenfeld, 210 AD2d 293; Design Dev. v Brignole, 20 Conn App 685, 570 A2d 221; Domizio v Delahunty, 36 Conn Supp 321, 419 A2d 912).

We note that insofar as this issue arose at trial, and the plaintiff made no claim of prejudice or surprise, it was an improvident exercise of discretion to deny the appellants' motion for leave to amend their answer to add the affirmative defense that the plaintiff lacked a proper license (see, Hulme v Patchogue Motors, 168 AD2d 425; Carlson v Travelers Ins. Co., 35 AD2d 351). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.