■ JME ENTERPRISES, INC., Appellant, v KOSTYNICK PLUMBING AND HEATING, INC., et al., Respondents. [708 NYS2d 696] —In an action, *inter alia,* to recover damages for breach of contract,

the plaintiff appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated April 7, 1999, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and to vacate a mechanic's lien, and (2) from a judgment of the same court entered June 28, 1999, which is in favor of the defendants and against it dismissing the complaint and vacating the mechanic's lien.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant Kostynick Plumbing and Heating, Inc. (hereinafter Kostynick) was the general contractor on a construction project for the defendant Eastern Transfer of New York Inc. (hereinafter Eastern). Kostynick subcontracted installation of a fire suppression system to the plaintiff JME Enterprises, Inc. (hereinafter JME). Though Kostynick held a valid license as required by Administrative Code of the City of New York § 26-142 for installation of fire suppression systems, it is undisputed that JME did not have such a license. Upon completion of the work, JME was paid $45,900. JME contends it is owed a balance of $41,784. It commenced this action to recover damages based, *inter alia,* on breach of contract and filed a mechanic's lien against the subject property.

The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and to vacate the mechanic's lien. The court found that the Administrative Code requires that persons installing fire suppression systems be licensed and that JME's failure to obtain the requisite license precluded its recovery for the work performed. We affirm.

Administrative Code § 26-142 (a) (1) (b) states that it shall be unlawful for any person to, *inter alia,* install any fire suppression piping system in the City of New York unless that person is a licensed master fire suppression piping contractor, partnership, corporation or other business association and unless such work is performed under the direct and continuing

supervision of a licensed master fire suppression piping contractor. " 'Direct and continuing supervision' " is defined as "responsible control exercised by a * * * licensed master fire suppression piping contractor * * * over those persons in the direct employ of the licensed individual [or entity]" (Administrative Code § 26-141 [c]). " 'Direct employ' " means that the individual performing the actual work of installing or maintaining the fire suppression piping system is an employee of the licensed master fire suppression piping contractor (*see,* Administrative Code § 26-141 [d]). Since neither JME nor its employees were employees of Kostynick, JME has violated the statute.

JME argues that it and Kostynick were in a "business association" pursuant to Administrative Code § 26-142 (a) (1) (b) and therefore it did not violate the statute. This claim is without merit. JME had nothing more than a contractor/subcontractor relationship with Kostynick. This Court has previously held that such a relationship is insufficient to permit an unlicensed contractor to recover for work performed in the City of New York (*see, Fisher Mech. Corp. v Gateway Demolition Corp.,* 247 AD2d 579). Accordingly, the complaint was properly dismissed and the mechanic's lien vacated.

The remaining contentions of JME are without merit. Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.