Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc. (2024 NY Slip Op 01907)

Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc.

2024 NY Slip Op 01907

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2019-09819
2019-13432
 (Index No. 503333/16)

[*1]Electrical Contracting Solutions Corp., respondent,
v
Trump Village Section 4, Inc., appellant.

Malvina Lin, P.C., Brooklyn, NY, for appellant.
Goetz Fitzpatrick LLP, New York, NY (Gary M. Kushner and Donald J. Carbone of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) a decision of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 17, 2019, and (2) a judgment of the same court dated November 14, 2019. The judgment, upon the decision, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the total sum of $458,584.84, together with additional interest in the amount of $93 per day, calculated from July 17, 2019, to the date of payment and, in effect, dismissing the counterclaims.
ORDERED that the appeal from the decision is dismissed, without costs and disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof in favor of the plaintiff and against the defendant in the total sum of $458,584.84, together with additional interest in the amount of $93 per day, calculated from July 17, 2019, to the date of payment, and substituting therefor a provision dismissing the complaint; as so modified, the judgment is affirmed, without costs or disbursements.
The defendant is a corporation that owns a two-building apartment complex located in Brooklyn (hereinafter the property). In October 2012, the property's electrical system sustained damage during Superstorm Sandy and, as a consequence, it was determined that it had to be replaced. The defendant entered into a series of three written contracts with the plaintiff, an electrical contractor, to perform the electrical work. Although the plaintiff's vice president, Joseph Kashinsky, held a valid master electrician's license as required by Administrative Code of the City of New York § 27-3017 to perform electrical work, the plaintiff itself did not have such a license. Kashinsky obtained electrical work permits from the New York City Department of Buildings under the name of his own company, QNCC Electrical Contracting Corp. (hereinafter QNCC), and Kashinsky supervised the electrical work performed by the plaintiff's employees. Upon completion of the work, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, and filed a mechanic's lien against the property. At trial, the defendant raised the issue of the plaintiff's unlicensed status and argued that the plaintiff breached the contracts and barred its recovery.
In a decision dated July 17, 2019, the Supreme Court found that the plaintiff was entitled to the principal sum of $300,851.32, representing $230,925.85 due on one of the contracts and $69,172.47 for unpaid invoices, together with contractual interest thereon. With respect to the issue of non-licensure, the court found that the "breach was insubstantial and nominal only." The court further concluded that the counterclaims should be dismissed. Thereafter, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $300,851.32, together with prejudgment and contractual interest and, in effect, dismissing the counterclaims. The defendant appeals.
In reviewing a factual determination made after a nonjury trial, the power of the Appellate Division is "as broad as that of the trial court," and this Court "may render the judgment it finds warranted by the facts," bearing in mind in a close case that "the trial judge had the advantage of seeing the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [internal quotation marks omitted]; see Baba-Ali v State of New York, 19 NY3d 627, 640; Onekey, LLC v Byron Place Assoc., LLC, 200 AD3d 896, 897-898). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930; see Rimberg v Horowitz, 206 AD3d 832, 834).
Administrative Code § 27-3017(a) states that it shall be unlawful for any person to, inter alia, perform electrical work in the City of New York unless that person is a licensed master electrician or special electrician. Licensing statutes are to be strictly construed (see Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d 446, 450; Quick Start Constr. Corp. v Staiger, 77 AD3d 900, 900; J.G. Cerasuolo Constr., Inc. v Tyler, 35 AD3d 376, 378).
Here, the evidence at trial established that the plaintiff was performing electrical work without the requisite license. Since the purpose of the regulatory scheme is to protect the public health and safety (see Administrative Code § 27-3002), and the plaintiff was not licensed to perform electrical work in the City, it may not recover against the defendant under a breach of contract or quantum meruit theory (see Richards Conditioning Corp. v Oleet, 21 NY2d 895; JME Enters. v Kostynick Plumbing & Heating, 273 AD2d 201; Dwight Getting Heating & A.C., Inc. v Jeradco, Ltd., 255 AD2d 288, 289; Fisher Mech. Corp. v Gateway Demolition Corp., 247 AD2d 579).
The plaintiff's contention that recovery should not be denied because QNCC was a duly licensed subcontractor which performed the electrical work is without merit. This Court has previously held that such a relationship is insufficient to permit an unlicensed contractor to recover for work performed in the City (see JME Enterprises, Inc. v Kostynick Plumbing and Heating, Inc., 273 AD2d 201; Fisher Mech. Corp. v Gateway Demolition Corp., 247 AD2d 579). "'So strict has been judicial construction of the statutory requirement through concern for the public health and welfare that the requirement may not be satisfied by employing or subletting' the work to an appropriately licensed person" (Charlebois v Weller Assoc., 72 NY2d 587, 592-593, quoting Vitanza v City of New York, 48 AD2d 41, 44). Moreover, that the plaintiff's vice president had a master electrician's license, and that the defendant's architect knew that the electrical work permits were issued to an entity other than the plaintiff, does not bar the application of the above rule (see Bronold v Engler, 194 NY 323; Fisher Mech. Corp. v Gateway Demolition Corp., 247 AD2d at 580; Piersa, Inc. v Rosenthal, 72 AD2d 593).
Accordingly, the Supreme Court erred in concluding that the lack of an electrician's license did not bar recovery. In light of the foregoing, the defendant's challenge to the award of damages and the computation of prejudgment and contractual interest has been rendered academic.
Contrary to the defendant's contention, the Supreme Court, in effect, properly dismissed its counterclaim to recover liquidated damages. The evidence at trial established that there were no significant delays attributable to the plaintiff.
In an order dated November 8, 2019, the Supreme Court, inter alia, deemed the plaintiff's mechanic's lien vacated. Accordingly, the defendant's contention that the mechanic's lien [*2]should have been vacated has been rendered academic.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court