DESIGN DEVELOPMENT, INC. *v.* TIMOTHY BRIGNOLE ET AL.
(8052)

DALY, NORCOTT and FOTI, Js.

---

Argued December 12, 1989—decision released February 20, 1990

*Kevin F. Bowen,* with whom, on the brief, was *Michael Grossman,* for the appellants (defendants).

*Dennis G. Hersh,* for the appellees (plaintiffs).

NORCOTT, J. The defendants, Timothy Brignole and Michael Greci, appeal from the judgment of the trial court awarding damages to the plaintiffs, Design Development, Inc., and John Cazzetta, its president, in a breach of contract action.[1] The defendants claim that the trial court erred in awarding damages to the plaintiffs despite its finding that the plaintiffs were in violation of General Statutes §§ 20-290 and 20-297.[2] We find error.

---

[1] At the start of trial, the trial court granted the named plaintiff's motion to amend the complaint to add John Cazzetta as a party plaintiff.

[2] General Statutes § 20-290 provides in pertinent part: "In order to safeguard life, health and property, no person shall practice architecture in this state . . . or use the title 'architect,' or display or use any words, letters

The trial court found the following undisputed facts. The defendants were a partnership interested in developing an office building on their property. In March, 1985, the defendants hired Cazzetta to prepare drawings, stamped by an engineer, for the construction and renovation of a building of approximately 11,700 square feet on their property. Brignole was aware that Cazzetta was not a licensed architect or engineer.

Cazzetta prepared preliminary plans and delivered them to the defendants on August 26, 1985. Because the plans were not acceptable to zoning authorities without an engineer's stamp, Cazzetta paid $2500 to acquire the appropriate stamp. The defendants paid the plaintiffs $1000, but refused to pay for the final plans that Cazzetta had prepared. The plaintiffs then brought an action for breach of contract. The defendants raised illegality of the contract as a defense.

The trial court found that Cazzetta violated General Statutes § 20-290 by holding himself out as an architect and designing a building in excess of 5000 square feet. The court awarded damages, however, because it found that the defendant Brignole was in pari delicto with Cazzetta regarding any violation of General Statutes § 20-290. The court based this ruling on the fact that Brignole knew that Cazzetta was not a licensed architect but hired him anyway. The trial court rendered judgment for the plaintiffs for $5000. From this ruling the defendants appeal.

. . . or other device to indicate that such person, practices or offers to practice architecture, unless such person has secured a license as provided in this chapter . . . ."

General Statutes § 20-297 provides in pertinent part: "Any person who knowingly, wilfully or intentionally violates any provision of this chapter shall be fined not more than five hundred dollars or imprisoned not more than one year or be both fined and imprisoned."

The defendants claim that because the trial court found Cazzetta to be in violation of § 20-290, it could not award him damages. They argue that because the rendering of architectural services by Cazzetta was illegal and punishable by a criminal penalty, the agreement for such services was void and unenforceable, and, hence, no damages could be awarded.

The trial court found that Cazzetta was in violation of General Statutes § 20-290 because he was not licensed, as required by that section, and yet he performed services as and held himself out as an architect.[3] Once the trial court found that Cazzetta "practiced as" and "held himself out as" an architect, Cazzetta became subject to a criminal penalty; General Statutes § 20-297; and his contract with the defendant was rendered illegal, void as against public policy and unenforceable. See *Douglas* v. *Smulski,* 20 Conn. Sup. 236, 239, 131 A.2d 225 (1957); *Lapuk* v. *Blount,* 2 Conn. Cir. Ct. 271, 279, 198 A.2d 233 (1963).

The plaintiffs claim that the defendants cannot assert the alleged illegality of the contract as a defense because they knew that Cazzetta was not a licensed architect. They further assert that should they be denied relief, the defendants will be unjustly enriched and, therefore, that the trial court was correct in ruling that they should be able to recover based upon quantum meruit. We do not agree.

The plaintiffs' argument and the trial court's finding that recovery should be permitted on the basis of quantum meruit or unjust enrichment is without merit. " 'When the illegality, either in whole or in part, is in

---

[3] The plaintiffs argue that Cazzetta's conduct did not violate § 20-290. We note that the plaintiffs did not properly raise this claim as an alternate ground upon which the judgment could be affirmed. See Practice Book § 4013. We will not, therefore, consider this claim.

the thing which the party seeking to recover was to do, then there can be no recovery upon a quantum meruit.' " *McKnight* v. *Gizze,* 119 Conn. 251, 256, 175 A. 676 (1934); *Douglas* v. *Smulski,* supra.

The defendants also argue that the trial court erred in finding that they were in pari delicto and that, even if they were in pari delicto, the trial court erred in awarding damages because the contract would still be rendered unenforceable. We agree.

The doctrine of in pari delicto holds that where the parties to an illegal agreement or transaction are equally at fault, the court will leave the parties as it finds them and will not enforce the agreement against one over the other. Ballentine's Law Dictionary (3d Ed. 1969); see also *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 423, 161 A. 856 (1932). The doctrine, therefore, is, as the defendants claim, a defensive doctrine. Even if we assume that the court was correct in finding that the parties were in pari delicto in this case, it could not properly *enforce* this contract against the defendants.[4] "In case any action is brought in which it is necessary to prove the illegal contract in order to maintain the action, courts will not enforce it, nor will they enforce any alleged right directly springing from such contract, but if both parties are in pari dilecto, the law will leave them where it finds them." *Vaszauskas* v. *Vaszauskas,* supra.

---

[4] We are hesitant to agree with the trial court that the parties were, in fact, in pari delicto. The defendants are members of the class that the legislature sought to protect with the enactment of General Statutes § 20-290; see, e.g., *Keyes* v. *Brown,* 155 Conn. 469, 474–75, 232 A.2d 486 (1967); and they did nothing that was in and of itself wrong or illegal. See *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 423, 161 A. 856 (1932). Further, § 20-290 is a mandatory section, the violation of which carries a criminal penalty. General Statutes § 20-297; *Lapuk* v. *Blount,* 2 Conn. Cir. Ct. 271, 279, 198 A.2d 233 (1963); cf. *Taft* v. *Amsel,* 23 Conn. Sup. 225, 228, 180 A.2d 756 (1962).

This doctrine has been applied in Connecticut for many years, and the rationale was well articulated by our Supreme Court in 1881. "At first blush it might seem unequal, and therefore unjust, to give the defendant the privilege of setting up his own participation in the illegal contract, resulting in his gain, and deny the privilege to the plaintiff, to his loss. . . . 'The objection that a contract is immoral or illegal as between plaintiff and defendant sounds at all times very ill in the mouth of the defendant. It is not for his sake however that the objection is ever allowed, but is founded in general principles of policy which the defendant has the advantage of, contrary to the real justice as between him and the plaintiff, by accident . . . .' " (Citations omitted.) *Funk* v. *Gallivan,* 49 Conn. 124, 128 (1881); see also *Beit* v. *Beit,* 135 Conn. 195, 199–200, 63 A.2d 161 (1948).

Having found the plaintiff in violation of General Statutes § 20-290, and having found further that the parties were in pari delicto, the trial court erred in enforcing the contract and awarding damages to the plaintiff.[5]

There is error, the judgment is set aside and the case is remanded to the trial court with direction to render judgment for the defendants.

In this opinion the other judges concurred.

---

[5] The defendants also claim that the trial court erred in its computation of the damages awarded. Because we have found error in the awarding of damages itself, however, we need not reach this second issue.