[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move for summary judgment, Practice Book 384, on the ground that the plaintiffs were not licensed architects at the time they performed architectural services for the defendants. General Statutes 20-290.
The defendants claim that their motion must be granted on the authority of Design Development, Inc. v. Brignole, 20 Conn. App. 685,688, 570 A.2d 221 (1990) ("Once the trial court found that Cazzetta practiced as' and `himself out as' an architect, . . . his contract with the defendant was rendered illegal, void as against public policy and unenforceable)
The affidavits and supporting documents show clearly that the plaintiffs did hold themselves out as architects in July, 1985 when they prepared plans for an addition to the defendants' home in New Canaan, and that the plaintiff, Christopher Garten, did not receive a license in Connecticut until September 1987. There is no claim that Kathryn Garten CT Page 1225 was licensed in this state.
The plaintiffs' attempt to distinguish Design Development by point might to General Statutes 20-298 which exempts from the provisions of Chapter 390 the alteration of a one or two family residential structure, and the drawing of plans for renovating or altering a building containing less than five thousand square feet of area, which would include defendants' dwelling. See Opinion of the Attorney General No. 86-094.
I believe this statute — simply says that one does not need a licensed architect to design plans for a five thousand square foot addition to a residential home. The working, however, of Design Development is much broader because the case holds that once a person "practiced as" or "held himself out as an architect," the statute is applicable and the contract becomes "illegal, void . . . and unenforceable" as previously quoted. Id., 688.
The distinction between the instant case and Design Development asserted by the plaintiffs is not without some plausibility and logic, but on balance I believe the case says if one holds himself out as an architect, as plaintiff Garten surely did, he is not able to recover his fees if he is not licensed, as plaintiff surely was not.
The motion for summary judgment is therefore granted.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-eighth day of August, 1990.
WILLIAM B. LEWIS, J.