[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mark Youdin, has brought a two count action against the defendant, Greg Riley. The first count sought to recover on a promissory note executed in favor of the plaintiff by the defendant in the amount of $10,150. The second count alleged unjust enrichment. The defendant, an inmate at a federal correctional facility in Danbury, responded with an answer and counterclaim in two counts.
In count one of the counterclaim, the defendant alleged that the note was executed in connection with an agreement with plaintiff to purchase and sell narcotics. In count two, the defendant alleged that the plaintiff was responsible for defendant's felony conviction from the marijuana transaction and resulting loss of liberty. The defendant seeks: (1) loss of wages due to a six year incarceration; (2) punitive damages of $50,000; and (3) attorney's fees.
The plaintiff has moved (#103) to strike the defendant's counterclaim on the grounds that count one is based upon an illegal transaction and count two is based upon a criminal matter which was already adjudicated. The defendant filed an affidavit in opposition to plaintiff's motion wherein he claimed that there remains a question of fact as to the nature of the consideration of the note.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as the trier would be required CT Page 425 to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail". (Citation omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
"In case any action is brought in which it is necessary to prove the illegal contract in order to maintain the action, courts will not enforce it, nor will they enforce any alleged right directly springing from such contract . . ." Design Development, Inc. v. Brignole,20 Conn. App. 685, 689, 570 A.2d 221 (1990), quoting Vaszauskas v. Vaszauskas, 115 Conn. 418, 423, 161 A. 56 (1932). In the case at bar, both counts either are based directly upon or emanate from an alleged agreement to purchase and sell marijuana. Buying and selling marijuana obviously is of course illegal under both Connecticut and federal law. Thus, this court will not enforce such agreement.
Specifically, count one of the counterclaim is based directly upon such agreement, and count two asserts that plaintiff is liable to the defendant due to circumstances arising from such agreement, i.e., the defendant's felony conviction. Thus, both counts of the counterclaim fail to state a claim upon which relief can be granted and the motion to strike the counterclaim in its entirety is granted.
So Ordered.
Dated at Stamford, Connecticut, this day of January, 1994.
WILLIAM B. LEWIS, JUDGE