[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION #107 MOTION FOR SUMMARY JUDGMENT #108 MOTION FOR SUMMARY JUDGMENT #111 OBJECTION TO MOTION FOR SUMMARY JUDGMENT
In the present action, the plaintiff, Albert Cimmino, seeks payment of $6,000.00 for services rendered defendants, Trumbull Housing Authority ("authority") and the town of Trumbull ("town"). In July 1990, the plaintiff was a commissioner of the authority. At that time, the authority was in the process of building a housing development. The authority employed an individual as a clerk of the works to oversee the contractors working on the project. The prior clerk of the works, who was paid for his services, suffered a heart attack during the course of the project and had to be replaced. At a July meeting of the authority the plaintiff agreed to temporarily resign his CT Page 2052 position as a commissioner in order to take up the duties of clerk of the works. The plaintiff performed those duties for approximately three months but received no compensation.
The plaintiff filed a three count amended complaint on June 16, 1992. In count one, which sounds in breach of contract, the plaintiff alleges that he was employed by the authority, which, he further alleges, acted as an agent of the town, at a salary of $500.00 a week. Count two, also based on breach of contract, contains allegations that the plaintiff was an independent contractor of the authority which acted as agent for the town. Count three makes out a claim for unjust enrichment against both the authority and the town.
On June 28, 1993, the authority filed a motion for summary judgment accompanied by a supporting memorandum of law. The town filed a motion for summary judgment on September 14, 1993. The plaintiff filed an objection to both defendants' motions on December 8, 1993, and the town filed a reply brief on December 20, 1993.
The applicable standard is that summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Id., 530.
In its memorandum of law supporting the motion for summary judgment, the authority points out that General Statutes8-42(b) prohibits any person who has served as a commissioner of an authority from being employed by that authority for a period of two years after leaving the authority. The authority argues that the statute embodies a public policy against commissioners receiving benefits from authorities on which they served. It is the authority's contention that, therefore, under any of the plaintiff's theories, contract, quasi-contract, or unjust enrichment, recovery is barred as a matter of public policy.
The town's memorandum of law raises slightly different grounds for summary judgment. First, the town argues that the plaintiff's contract claims may be decided in its favor as a CT Page 2053 matter of law because the authority is a completely separate and distinct entity from the town itself and was not operating as an agent for the town in either employing the plaintiff or hiring him as an independent contractor. The town argues that the court may decide the claim for unjust enrichment as a matter of law on either of two grounds. First, the town argues unjust enrichment is inapplicable. The town contends it received no benefit from the plaintiff since it neither owned nor operated the property under construction. Further the town argues that no injustice occurred since the plaintiff knew he could not be recompensed for his services. The town filed affidavits to support this contention. Second, similar to the authority, the town argues that the plaintiff's claim of unjust enrichment is barred as a matter of public policy because 8-42(b) prohibits his employment by the authority.
In his memorandum of law in support of his objection to the motions for summary judgment, the plaintiff argues that the defendants, by accepting his resignation from the authority for the purpose of allowing him to supervise the construction project waived the statute. The plaintiff also argues that the town is involved with the operation of the authority and received tax benefits from the ongoing construction project. The plaintiff also asserts that he had no knowledge of the statute prohibiting his employment and did not volunteer his services. Therefore, the plaintiff, contends he may prevail on any of his theories of recovery.
It is a basic tenet of contract law that a court will not grant relief based on a contract that is against public policy. Collins v. Sears, Roebuck Co., 164 Conn. 369, 377,321 A.2d 444 (1973); Beit v. Beit, 135 Conn. 195, 198, A.2d (1948); Avco Corp. v. Preteska, 22 Conn. Sup. 475, 478, 174 A.2d 684 (1961) see also Calamari Parillo, Contracts, 22-1 (3d ed. 1987); 17 C.J.S. Contracts 201. Generally, "a contract made in violation of a statute is illegal and unenforceable, and it is usually immaterial whether the thing forbidden by statute is malum in se or malum prohibitum." C.J.S., supra, 201.
General Statutes 8-42(b) provides: "No person who has served as a commissioner of an authority shall be employed by such authority for a period of two years after leaving office." The court finds no Connecticut cases that interpret or apply General Statutes 8-42(b). The legislative history of the statute indicates only that the provision was intended to CT Page 2054 prevent conflicts of interest. Senate Debate, 1983 Sess., p. 2477. However, in considering other conflict of interest statutes, courts have strictly construed them, noting that, "[the] good faith [of the public official] is of no moment because it is the policy of the law to keep [the official] so far from temptation as to insure the exercise of unselfish public interest. . . . `Anything which tends to weaken [public] confidence and to undermine the sense of security for individual rights. . .is against public policy.'" (Citations omitted.) Housing Authority v. Dorsey, 164 Conn. 247, 251, 320 A.2d 820, cert. denied, 414 U.S. 1043 (1973); see also Stanley v. Planning and Zoning Commission of New London, 4 Conn. L. Rptr. 491, 492-93 (August 29, 1991, Hurley, J.) (considering statute applicable to zoning board members, the court noted that, "[t]he evil lies not in influence improperly exercised but rather in the creation of a situation tending to weaken public confidence").
The court finds that 8-42(b) is intended to protect the public and promote the public confidence in the authority by avoiding potential conflicts of interest with respect to the authority and its commissioners. Even assuming the alleged contract was entered into with the best of intentions it is still in violation of 8-42(b). The alleged contract directly violates the statute and undermines its fundamental purpose. The alleged contract violates public policy and is unenforceable.
Although the plaintiff claims he had no knowledge of the statute, ignorance of the law is no excuse. Calamari Parillo, supra, 22-2(a). There is an exception to this rule where "the illegality is minor and the party who is ignorant of the illegality justifiably relies upon an assumed special knowledge of the other of the requirements of the law. This usually occurs when the other is in the business to which the contract relates." Calamari Parillo, supra, 22-2(a). However, the plaintiff has not raised the applicability of this exception and the evidence before the court does not call the exception into question.
Plaintiff's argument of waiver lacks merit. Since the purpose of the conflict of interest statute is to protect the public, neither of the parties to the alleged contract could waive the statute. Even assuming that the authority acted as an agent for the town, the plaintiff's contract claims against the CT Page 2055 town are similarly barred on the basis of public policy. Therefore, the court grants summary judgment on the contract counts as against both defendants on the grounds that the contract is against public policy.
The plaintiff's final count against both defendants is based on unjust enrichment. Connecticut courts have consistently denied recovery based on theories of unjust enrichment or quantum meruit where a contract is unenforceable as a matter of public policy because it violates a statute. See Barrett Builders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990) (where statute specifically provides that a contract that fails to comply with the statute is not valid, court denied recovery in quantum meruit or unjust enrichment); Design Development, Inc. v. Brignole, 20 Conn. App. 685, 570 A.2d 221 (1990) (plaintiff who did not have architect's license as required by statute could not recover on quantum meruit or unjust enrichment). In Design Development, the court specifically noted that "[w]hen the illegality, either in whole or in part, is in the thing which the party seeking to recover was to do, then there can be no recovery upon quantum meruit." (Citations omitted; internal quotation marks omitted.) Design Development, supra, 688-89. In addition, in Barrett Builders, the court noted that "Connecticut law has long recognized that restitution is not available for performance rendered pursuant to a contract that is unenforceable on public policy grounds." Barrett Builders, supra, 323-24. To allow such recovery would defeat the purpose of the statute. Id.
Under Connecticut law, the plaintiff may not recover under a theory of unjust enrichment because the contract itself is unenforceable on public policy grounds. It is unnecessary to address the merits of the town's other arguments in support of summary judgment since the illegality of the alleged contract warrants the granting of the motion for summary judgment on all counts of the complaint as against both defendants.
BALLEN, J.