[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff seeks a prejudgment remedy to secure a judgment which it believes will be rendered in an action to recover from the defendant damages allegedly arising out of the breach of a contract for services and, in the alternative, upon a theory of quantum meruit. The facts of this case present two issues: (1) whether or not the parties entered into a valid binding contract for services, and (2) whether the plaintiff is prohibited from recovering under such a contract because it has failed to comply with the licensure provisions pertaining to professional engineers as contained in Chapter 391 of the Connecticut General Statutes.
The plaintiff is a corporation engaged in providing consulting services primarily to building contractors. The president of the plaintiff, Peter Mazza, is a professional engineer unlicensed in the State of Connecticut. The defendant corporation is an excavating contractor who held a contract with the Town of New Milford for the construction of a sewer project in that town known as Great Brook Interceptor, phase 1, 2, and 3. The contract, in the sum of $1,107,082.00 was entered into in May, 1994 and the sewer line itself became operational in July, CT Page 5109 1995, with related work completed in the fall of 1995.[1]
Thereafter, disputes arose between the defendant and the Town involving cost overruns, delay costs and other items.
The parties dispute whether there was any contract between them. The plaintiff points to an engagement letter of March 18, 1996 in which the plaintiff agrees to act as "engineering counsel" on behalf of the defendant for the preparation, negotiation, and collection of certain claims being made by the defendant against the Town of New Milford. The document outlined the compensation expected by the plaintiff for services, being a maximum flat fee of $5,000 plus expenses, and providing for a success fee of 25% of all settlement offers accepted by the defendant.[2] This agreement was never executed by the defendant although the required sums were paid, with the exception of the 25% success fee. In this action, the plaintiff seeks to recover that fee.
The court need not reach the issue of a creation of a binding agreement upon which the plaintiff can successfully sue, because the court finds the provisions of Chapter 391 of the Connecticut General Statutes to be dispositive of this case.
 Connecticut General Statutes § 20-299 reads in part as follows: Definitions. For the purpose of this chapter
 (1) "Professional engineer" means a person who is qualified by reason of his knowledge of mathematics, the physical sciences and the principles of engineering, acquired by professional education and practical experience, to engage in engineering practice, including the rendering or offering to render to clients any professional service such as consultation, investigation, evaluation, planning, design or responsible supervision of construction, in connection with any public or privately-owned structures, buildings, machines, equipment, processes, works or projects wherein the public welfare or the safeguarding of life, public health or property is concerned or involved;"
There is no dispute that the president of the plaintiff, Mr. Mazza, is a professional engineer with a long list of clients and projects to his credit. The court finds from all the evidence, that the plaintiff rendered professional consultation as described in the statute, and as declared by the plaintiff in his proposed letter agreement, it intended to and did so, as "engineering counsel". Indeed, the defendant's president CT Page 5110 testified that an engineer is exactly who he wished to act on his behalf.
However, in order to practice the profession of engineering in Connecticut, ". . . or use any title or description tending to convey impression that he is a professional engineer. . ." a person must hold a license to do so. C.G.S. § 20-302[3]
The court finds that the plaintiff has violated C.G.S. §§20-299 and 20-302 and therefore the contract between the parties, if ever there was one, is illegal and the plaintiff cannot recover thereunder.[4] Design Development. Inc. v. Brignole,20 Conn. App. 685, 570 A.2d 221 (1990). Nor is the plaintiff entitled to a recovery based upon quantum meruit. Id.
The plaintiff's application for a prejudgment remedy is denied.
So Ordered.
D'ANDREA, J.