## LAUREN WINER *v.* STEPHEN CESLIK
### (AC 14597)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*H. Jeffrey Beck* filed a brief for the appellant (plaintiff).

*Stephen Ceslik*, pro se, the appellee (defendant), filed a brief.

*Opinion*

PER CURIAM. The plaintiff, Lauren Winer, appeals from the judgment of the trial court granting the application of the defendant, Stephen Ceslik, for a prejudgment remedy in connection with his counterclaim against the plaintiff in the amount of $30,310. The plaintiff claims that the court improperly granted the prejudgment remedy pursuant to General Statutes § 20-325. We affirm the judgment of the trial court.

The following facts are relevant to our consideration of the plaintiff's claim on appeal. At the hearing on his prejudgment remedy application, the defendant produced evidence showing probable cause to believe that the plaintiff had acted as a real estate broker without the required license and that the defendant had paid commissions to the plaintiff in the amount of $30,310 in the belief that the plaintiff was a real estate broker.

The court concluded that pursuant to our holding in *Design Development, Inc.* v. *Brignole*, 20 Conn. App. 685, 570 A.2d 221 (1990), the plaintiff's failure to hold a real estate license at the time she entered into a contract with the defendant for real estate services involving the payment of commissions rendered that contract unenforceable and void as against public policy. The court accordingly granted the application for a prejudgment remedy. This appeal followed.

It is undisputed that it is a criminal offense to act as a real estate broker without a license. See General Statutes § 20-325.[1] The plaintiff correctly points out in her brief that the statute does not create a private cause of action for damages for the victims and that the defendant, to prevail, therefore must allege that the violation of § 20-325 gives rise to a cause of action under the common law.

In this case, the defendant alleges, and the court found, that the cause of action created by the violation of § 20-325 was one "based upon the reasoning of the Appellate Court in *Design Development, Inc.* v. *Brignole*, [supra, 20 Conn. App. 685]." In *Design Development, Inc.*, which dealt with an architect who, without a license, designed a building in violation of a statute similar to § 20-325 in that it also does not expressly create a private cause of action for damages, we stated: "Once the trial court found that [the plaintiff's president] practiced as and held himself out as an architect, [he] became subject to a criminal penalty . . . *and his contract with the defendant was rendered illegal, void as against public policy and unenforceable.*" (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 688.

---

[1] General Statutes § 20-325 provides in relevant part: "Any person who engages in the business of a real estate broker . . . without obtaining a license as provided in this chapter shall be fined not more than one thousand dollars or imprisoned not more than six months or both . . . ."

We consider the situation in the present case, involving an unlicensed real estate broker, to be analogous to the unlicensed architect in *Design Development, Inc.* There is no rational distinction on which to base a different outcome in this case from the one reached in *Design Development, Inc.*

Accordingly, we agree with the court that our holding in *Design Development, Inc.*, dictates the conclusion in this case that the contract between the parties for real estate services is void as against public policy. The contract itself being void as against public policy, the defendant is entitled to recoup the real estate commissions he paid to the plaintiff under that void contract. Thus, the prejudgment remedy granted in the amount of those commissions was entirely proper.

The judgment is affirmed.