# TOWN OF NEW HARTFORD ET AL. v. CONNECTICUT RESOURCES RECOVERY AUTHORITY ET AL.
## (SC 17880)

Rogers, C. J., and DiPentima, McLachlan, Gruendel and Robinson, Js.*

Argued October 16, 2008—released May 19, 2009

* The listing of justices reflects their status on this court as of the date of oral argument.

*Louis R. Pepe*, with whom were *Richard F. Wareing, Richard H. Goldstein, Daniel J. Klau, Joseph J. Chambers*, and, on the brief, *David W. Case*, for the appellant (named defendant).

*David S. Golub*, with whom were *Jonathan M. Levine, Joseph V. Meaney, Jr.*, and, on the brief, *Marilyn J. Ramos* and *Craig N. Yankwitt*, for the appellees (plaintiffs).

*Opinion*

GRUENDEL, J. This is one of several appeals concerning a certified class action brought by the plaintiffs[1] against the named defendant, Connecticut Resources Recovery Authority.[2] The question presented in this appeal is whether the trial court properly granted the plaintiffs' application for a prejudgment remedy to attach certain settlement proceeds obtained by the defendant. We dismiss the appeal for lack of subject matter jurisdiction.

The facts relevant to our resolution of this appeal are undisputed.[3] The case proceeded to trial in November,

---

[1] The trial court certified the case as a class action on behalf of the named plaintiff, the town of New Hartford, and sixty-nine similarly situated municipalities. We refer to the class members collectively as the plaintiffs.

[2] The underlying action included claims against additional defendants, all of which were withdrawn or dismissed prior to trial. See *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 433, 970 A.2d 592 (2009). We refer to Connecticut Resources Recovery Authority alone as the defendant.

[3] This appeal arises out of the same litigation as *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 433, 970 A.2d 592 (2009), *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 489, 970 A.2d 570 (2009), and *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 511, 970 A.2d 583 (2009), which were released on the same date as this opinion. For a complete description of the underlying litigation and parties, see *New Hartford* v. *Connecticut Resources Recovery Authority*, supra, 291 Conn. 433.

2006. On December 11, 2006, the plaintiffs filed an application for a prejudgment remedy pursuant to General Statutes § 52-278a that sought to enjoin the defendant from, inter alia, distributing proceeds recovered "from settlement or resolution of any . . . litigation [involving Enron Power Marketing, Inc., a subsidiary of Enron Corporation (collectively Enron)] . . . ." The defendant thereafter settled its malpractice actions against certain law firms that had represented it in connection with the Enron transaction, recovering approximately $37.6 million in settlement funds. Nevertheless, the court, on January 5, 2007, deferred consideration of the plaintiffs' application until the defendant both received the settlement funds and formally approved a plan for their use. The defendant agreed to hold the settlement funds in escrow upon their receipt, pending a determination by the court on the defendant's plan for disposition of the funds.

On February 2, 2007, the defendant filed a notice of the plan that the defendant's board of directors had approved for use of the settlement funds. That notice provided that while the defendant's board of directors intended to distribute a portion of the funds to the plaintiffs, the remainder would be used for other purposes. In response, the plaintiffs again filed an application for a prejudgment remedy, which averred that there was probable cause that a judgment in excess of $69.8 million would be rendered in their favor, thereby necessitating the attachment of all present and future proceeds received from "Enron recovery-related litigation . . . ." After a hearing, the court made the following findings: "This court has had the benefit of listening to testimony over the period of several months. In addition, the court has reviewed hundreds of documents which have been marked as exhibits in the case. . . . The court finds that there is probable cause to find that [the defendant] had a fiduciary relationship with the

[plaintiffs]. The current president of [the defendant] and past presidents of the [defendant] have testified that they considered the relationship to be fiduciary in nature. There is also probable cause for the court to find that [the defendant] has engaged in an illegal loan and an ultra vires transaction in making the Enron transaction. It has admitted these facts in the court documents. There is probable cause for the court to find that the plaintiffs were damaged by the illegal actions of [the defendant] through the increase in tipping fees and use of accumulated surpluses. There is also probable cause for the court to find that [the] plaintiffs have incurred or will incur damages in the amount of $69.8 million as a result of [the defendant's] actions. There is also probable cause for the court to find that the plaintiffs have established all of the essential elements of a constructive trust and that [the defendant] has breached its fiduciary duties to the [plaintiffs]. Further, there is probable cause for the court to find that [the defendant] has been unjustly enriched to the detriment of the [plaintiffs] by its actions." Accordingly, the court granted the application for a prejudgment remedy, ordering the attachment of present and future settlement proceeds and other funds in the defendant's reserve and operating accounts. From that judgment, the defendant appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

Approximately four months after the court granted the application for a prejudgment remedy, the court rendered judgment in favor of the plaintiffs on their underlying breach of contract and unjust enrichment claims in a memorandum of decision dated June 19, 2007. It awarded the plaintiffs equitable relief in the form of a constructive trust "on the moneys currently held" by the defendant in the amount of $35,873,732. The court further ordered that the trust forward those

funds "to the [plaintiffs] immediately, in care of their trial attorneys, as restitution . . . ."

On appeal, the defendant claims that the court improperly granted the plaintiffs' prejudgment remedy of attachment. It contends that chapter 903a of the General Statutes, which governs prejudgment remedies, does not allow for attachments against political subdivisions of the state. See General Statutes §§ 52-278a through 52-278n. The plaintiffs argue that the defendant's claim is moot because the attachment order expired upon issuance of the judgment on June 19, 2007.[4] We agree with the plaintiffs.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Giaimo* v.

---

[4] Although "a prejudgment remedy is available to a party who has prevailed at the trial level and whose case is on appeal"; *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 454, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004); there is no indication in the record or representation by the parties that the prejudgment attachment in this case continued beyond June 19, 2007. After the court issued its June 19, 2007 decision, it ordered the release of all property held by the defendant in excess of that judgment from the prejudgment attachment. See *Thorn Americas, Inc.* v. *Torres*, 34 Conn. App. 303, 305–306, 641 A.2d 386 (1994) (appeal from granting of prejudgment remedy rendered moot by trial court's dismissal of prejudgment remedy).

*New Haven*, 257 Conn. 481, 492–93, 778 A.2d 33 (2001). Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary. *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 680, 899 A.2d 586 (2006).

The defendant maintains that its claim is not moot, despite the expiration of the attachment order, because it falls within the capable of repetition, yet evading review exception to the mootness doctrine as enunciated in *Loisel* v. *Rowe*, 233 Conn. 370, 660 A.2d 323 (1995). To qualify for review under that exception, an otherwise moot question must meet three requirements. Id., 382. "First, the challenged action, or the effect of the challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising a question about its validity will become moot before appellate litigation can be concluded. Second, there must be a reasonable likelihood that the question presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance. Unless all three requirements are met, the appeal must be dismissed as moot." Id., 382–83. With those requirements in mind, we turn to the issue before us.

As we often have noted, "except insofar as the constitution bestows upon this court jurisdiction to hear certain cases . . . the subject matter jurisdiction of the Appellate Court and of this court is governed by statute. . . . It is equally axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review . . . appellate jurisdiction is limited to final judgments of the trial court." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Connecticut Bar Examining*

*Committee,* 263 Conn. 39, 45, 818 A.2d 14 (2003). Thus, as a general matter, "an interlocutory ruling may not be appealed pending the final disposition of a case." *Hopkins* v. *O'Connor,* 282 Conn. 821, 827, 925 A.2d 1030 (2007). In specifically providing for certain interlocutory appeals, the legislature has carved exceptions to that rule. See, e.g., General Statutes § 54-63g (petition for review of bail); General Statutes § 51-164x (court closure orders).

General Statutes § 52-278*l* expressly permits appellate review of an interlocutory ruling granting a prejudgment remedy. Section 52-278*l* (a) provides in relevant part that an order granting a prejudgment remedy "shall be deemed a final judgment for purposes of appeal." Section 52-278*l* (b) requires the immediate commencement of such an appeal, providing that "[n]o such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken." In *Ambroise* v. *William Raveis Real Estate, Inc.,* 226 Conn. 757, 765, 628 A.2d 1303 (1993), we concluded that the time limitation contained in § 52-278*l* (b) is subject matter jurisdictional in nature, and therefore is "mandatory and not waivable." As such, the statutory scheme invites expeditious review.

The defendant did not fully avail itself of the opportunity for such prompt review. After the court granted the plaintiffs' application for a prejudgment remedy against the defendant on February 22, 2007, the defendant timely appealed from that judgment on February 26, 2007. It thereafter did not press to have the appeal resolved prior to the issuance of the court's June 19, 2007 memorandum of decision, thus ensuring that mootness would ensue. On appeal, the defendant posits that "by definition, a prejudgment attachment is of limited duration because it terminates upon final judgment. Experience teaches that a substantial number of cases, if not the overwhelming majority, reach final judgment

before an appeal of an order granting a prejudgment remedy is resolved." Beyond that assertion, the defendant's brief is bereft of any supporting authority whatsoever.

In enacting § 52-278*l*, the General Assembly elected to exempt interlocutory appeals challenging the granting of a prejudgment remedy from the general rule prohibiting appellate review of interlocutory rulings, thereby providing the mechanism for immediate appellate review. A fundamental prerequisite to application of the doctrine at issue before us is that the challenged action must evade review. Other than its reference to the lesson of experience, the defendant has provided no analysis as to precisely why the substantial majority of cases challenging the granting of a prejudgment remedy will become moot before appellate litigation can be concluded. Because the defendant took no steps to avail itself of the expedited review provided for by § 52-278*l* after commencing the present appeal, we cannot ascertain whether it necessarily became moot as a result of "an intrinsically limited lifespan"; *Loisel* v. *Rowe,* supra, 233 Conn. 383; or, rather, as a result of the defendant's complacency. The defendant has not provided this court with any authority in which appellate review under § 52-278*l* was thwarted due to the subsequent rendering of a final judgment. To the contrary, our appellate courts routinely decide appeals from orders granting a prejudgment remedy. See, e.g., *TES Franchising, LLC* v. *Feldman,* 286 Conn. 132, 134–35, 943 A.2d 406 (2008); *Connecticut Light & Power Co.* v. *Lighthouse Landings, Inc.,* 279 Conn. 90, 92–93, 900 A.2d 1242 (2006); *Nash* v. *Weed & Duryea Co.,* 236 Conn. 746, 747–48, 674 A.2d 849 (1996); *Kendall* v. *Amster,* 108 Conn. App. 319, 321, 948 A.2d 1041 (2008); *Chen* v. *Bernadel,* 101 Conn. App. 658, 660–61, 922 A.2d

1142 (2007); *Marlin Broadcasting, LLC* v. *Law Office of Kent Avery, LLC*, 101 Conn. App. 638, 640, 922 A.2d 1131 (2007); *Kinsale* v. *Tombari*, 95 Conn. App. 472, 473, 897 A.2d 646 (2006); *Morris* v. *Cee Dee, LLC*, 90 Conn. App. 403, 405, 877 A.2d 899, cert. granted, 275 Conn. 929, 883 A.2d 1245 (2005) (appeal withdrawn March 13, 2006); *Orsini* v. *Tarro*, 80 Conn. App. 268, 270, 834 A.2d 776 (2003); *Doe* v. *Rapoport*, 80 Conn. App. 111, 113, 833 A.2d 926 (2003); *Benton* v. *Simpson*, 78 Conn. App. 746, 747–48, 829 A.2d 68 (2003); *Cahaly* v. *Benistar Property Exchange Trust Co.*, 73 Conn. App. 267, 268–69, 812 A.2d 1 (2002), rev'd, 268 Conn. 264, 842 A.2d 1113 (2004); *Rafferty* v. *Noto Bros. Construction, LLC*, 68 Conn. App 685, 686, 795 A.2d 1274 (2002); *Winer* v. *Ceslik*, 66 Conn. App. 842, 842–44, 786 A.2d 516 (2001), cert. denied, 259 Conn. 905, 789 A.2d 998 (2002). Accordingly, to conclude on this record that an appeal from an order granting a prejudgment remedy necessarily will become moot before appellate litigation can be concluded in the substantial majority of cases would require this court to engage in speculation and conjecture, which "have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005).

In failing to demonstrate that the substantial majority of appeals under § 52-278*l* evade review, the respondent has foundered on the first prong of the capable of repetition, yet evading review exception to the mootness doctrine. See *Loisel* v. *Rowe*, supra, 233 Conn. 382. This court therefore lacks jurisdiction to entertain the appeal.

The appeal is dismissed.

In this opinion the other justices concurred.