## CONSERVATION COMMISSION OF THE TOWN OF FAIRFIELD *v.* SUSAN M. DIMARIA
## (AC 30244)

Bishop, DiPentima and Harper, Js.

Argued December 10, 2009—officially released March 9, 2010

*Noel R. Newman,* for the appellant (plaintiff).

*John R. Lambert,* with whom, on the brief, was *Susan M. DiMaria,* pro se, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, the conservation commission of the town of Fairfield, appeals from the judgment of the trial court ordering the defendant, Susan M. DiMaria, to remove fill that had been deposited on a conservation easement. Specifically, it claims that the court improperly failed to remand the matter to the plaintiff to make any necessary orders and to allow the plaintiff to supervise the removal of the fill. We dismiss the plaintiff's appeal as moot.

The following facts and procedural history are relevant to our discussion. The defendant is the owner of

property in Fairfield that is subject to a conservation easement. This easement prohibits excavation, filling, removal of vegetation or construction of buildings on a two-thirds of an acre portion of the property without the approval of the plaintiff. In the spring of 2005, the defendant began to construct a horse barn on her property. The defendant did not seek approval from the plaintiff.

On May 26, 2005, Marisa Anastasio, the plaintiff's compliance officer, issued a cease and desist order to the defendant with an order to show cause. The defendant did not receive the notice sent by Anastasio; nevertheless, a hearing was held on June 2, 2005, in the defendant's absence.[1] The plaintiff approved the cease and desist order that previously had been issued and issued a restoration order. The plaintiff, additionally, referred the matter to the attorney representing the town of Fairfield for the purpose of obtaining injunctive relief pursuant to General Statutes § 22a-44 (b).[2] The plaintiff then commenced the present action seeking injunctive relief, civil penalties and attorney's fees. The defendant responded that the construction of a horse barn and other activities were exempt activities pursuant to General Statutes § 22a-40 (a) (1)[3] and, therefore, were permitted as a matter of right.

[1] An associate of the defendant happened to be at the hearing and requested a continuance in order for the defendant to appear. The plaintiff did not act on this request.

[2] General Statutes § 22a-44 (b) provides in relevant part: "The Superior Court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to assess civil penalties pursuant to this section. . . ."

[3] General Statutes § 22a-40 (a) provides in relevant part: "The following operations and uses shall be permitted in wetlands and watercourses, as of right: (1) Grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less essential to the farming operation . . . . The provisions of this subdivision shall not be construed to include road construction or the erection of buildings not directly related to the farming operation, relocation of watercourses with continual flow, filling or reclamation of wetlands or watercourses with continual flow, clear cutting

The court first concluded that the plaintiff's action was not void for lack of notice. It then found that the defendant's proposed activity fell within the statutory definition of "farming"[4] and, therefore, was exempt pursuant to § 22a-40 (a) (1). The court determined, however, that the filling of the conservation easement did not constitute an exempt activity. See General Statutes § 22a-40 (a) (1). It further found that this fill, totaling approximately 350 cubic yards, was the result of inadvertence on the part of the defendant and not deliberate or wilful conduct. Nevertheless, the incidental filling of the conservation easement formed a sufficient basis for a remediation order.

As a result of these findings, the court issued the following orders: (1) that the defendant remove the fill that had been deposited within the conservation easement and to avoid any future filling of that area, and (2) that the plaintiff issue a declaratory ruling pursuant to § 4.4 of the Fairfield inland wetland and watercourses regulations that the defendant was engaged in an exempt activity within the meaning of § 22a-40 (a) (1).[5] The court declined to impose any monetary penalty

of timber except for the expansion of agricultural crop land, the mining of top soil, peat, sand, gravel or similar material from wetlands or watercourses for the purpose of sale . . . ."

[4] General Statutes § 1-1 (q) provides in relevant part: "Except as otherwise specifically defined, the words 'agriculture' and 'farming' shall include cultivation of the soil, dairying, forestry, raising or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training and management of livestock, including horses . . . . The term 'farm' includes farm buildings, and accessory buildings thereto . . . ."

[5] In its appellate brief, the plaintiff presented several claims related to the issue of the declaratory ruling. On March 5, 2009, in compliance with the judgment from a separate action; see *DiMaria* v. *Conservation Commission*, Superior Court, judicial district of Fairfield, Docket No. CV-08-4025164-S (November 10, 2008); the plaintiff voted to issue the declaratory ruling.

On February 9, 2009, the defendant filed a motion to dismiss the present appeal as moot. This court granted the defendant's motion limited to the declaratory ruling claims.

against the defendant or award attorney's fees to the plaintiff.

Following the trial court's decision and the appeal to this court, the defendant, acting pro se, filed a motion to terminate the appellate stay, or, in the alternative, to enforce the court order to issue a declaratory ruling with respect to the horse farming activities. On October 22, 2008, the court granted the motion in part, permitting the defendant to remove the inadvertently deposited fill. The plaintiff subsequently filed a motion to reargue the court's decision as to the termination of the stay.[6] The defendant filed an objection and represented that the fill had already been removed.[7] Following the hearing on the plaintiff's motion, the court found that the work on the easement had been completed and that the fill had been removed.

On appeal, the plaintiff claims that the court failed to remand the matter to the plaintiff to make any necessary orders and to allow the plaintiff to supervise the removal of the fill. It argues that the court failed to set any time limit for the defendant to remove the fill, or to allow the plaintiff to use its usual jurisdiction to set a reasonable performance bond, to approve a site monitor to oversee the remediation or to allow access to the property to inspect the removal of the fill in

---

[6] Attached to the plaintiff's motion was an affidavit from Thomas J. Steinke, the plaintiff's director. Steinke indicated that removal of the fill during the wet or rainy season presented a great risk to the integrity of the wetland. He also stated that if the fill was removed prior to the mid-spring of 2009, the potential harm could be reduced with (1) the appointment of a site monitor approved by both the plaintiff and defendant, (2) the posting of a performance bond and (3) the plaintiff's right to inspect and to observe the removal of the fill.

[7] Specifically, the defendant's objection stated: "I have complied with the court order to the extent the court's order has allowed me to remove the fill that was inadvertently deposited within the area covered by the conservation easement. A site monitor, frequently approved by the plaintiff, was present each day the work was performed."

order to ensure compliance with the court's order. We conclude that, because this court cannot afford the plaintiff any practical relief, the appeal must be dismissed as moot.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary." (Citation omitted; internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 502, 506–507, 970 A.2d 578 (2009).

We examine the complaint to determine the relief sought by the plaintiff. In its pleading, the plaintiff requested: (1) a temporary and permanent injunction prohibiting the defendant from undertaking any further work on her property; (2) a temporary and permanent injunction restraining any further violation of the statutes or Fairfield wetlands regulations; (3) an order directing that the violations be corrected or removed; (4) an assessment of civil penalties; (5) damages; and (6) such other relief as law and equity may appertain.

At the hearing, the court observed that the first request for relief was overbroad in that it would prevent

the defendant from painting her home. Similarly, it concluded that the second requested relief was too vague and broad in scope.[8] Turning to the third request for relief, the court stated: "[T]his one I can do, an order directing the violation be corrected and, or, removed." Finally, the court indicated that civil penalties may be appropriate but that it had heard no evidence relating to money damages. In sum, the court concluded that the plaintiff's third, fourth and sixth requests for relief remained as viable options. In response, counsel for the plaintiff acknowledged: "Number three [the request that the violation be corrected or removed] pretty much covers the whole case."

Our Supreme Court has stated that "the right of a plaintiff to recover is limited by the allegations of the complaint . . . and any judgment should conform to the pleadings, the issues and the prayers for relief." (Internal quotation marks omitted.) *Journal Publishing Co.* v. *Hartford Courant Co.*, 261 Conn. 673, 686, 804 A.2d 823 (2002). The relief requested by the plaintiff was a court order to correct or to remove the violation of placing fill on the conservation easement. The court awarded the plaintiff the precise relief requested. Additionally, at the postjudgment hearing on the plaintiff's motion to reargue the termination of the appellate stay, the court found that the defendant had removed the fill. The plaintiff's complaint did not seek the right to conduct an inspection or to approve a site monitor. Moreover, those issues were not raised during the trial. It was not until the hearing on the defendant's motion to terminate a stay of the proceedings that the plaintiff first raised these matters to the trial court. Simply put, the court awarded the plaintiff the relief that it had requested in its complaint, and we cannot now supplement that relief with conditions that were not asked

[8] The court compared this request for relief to an order that the defendant refrain from speeding "tomorrow when [she is] out in [her] vehicle."

for in the complaint. Accordingly, we cannot afford the plaintiff any practical relief, and, thus, the appeal is moot.

The plaintiff also argues that the court was not justified in removing the plaintiff "from its usual jurisdiction and preventing it from exercising its usual powers." We conclude, however, that due to the procedural posture of this case, the argument must fail. As the court observed, "[t]his is not an appeal of the cease and desist order, or decision of the [plaintiff] to . . . deny or grant a permit for a regulated activity." In other words, we are not presented with an appeal pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., or a zoning appeal pursuant to General Statutes § 8-8. With respect to these types of appeals, "[n]ormally, [w]hen agency action is overturned . . . because of invalid or insufficient findings, we have held that a court must ordinarily remand the matter under consideration to the agency for further consideration. . . . A direct order to the commission is therefore legally unwarranted and the case must be remanded to the commission for further consideration of any conditions that should be attached to the issuance of the permit as supported by evidence in the . . . record." (Internal quotation marks omitted.) *United Jewish Center* v. *Brookfield*, 78 Conn. App. 49, 63, 827 A.2d 11 (2003). An exception exists "when it appears as a matter of law that there is only one single conclusion that the [agency] could reasonably reach," and, in that situation, "the trial court can direct the agency to take the action on remand." (Internal quotation marks omitted.) Id.

The present case, however, is an appeal from the court's decision to issue injunctive relief pursuant to § 22a-44 (b).[9] This is a significant distinction because

[9] We note that counsel for the plaintiff was aware of the posture of the present case. At one of the hearings following the court's decision, the plaintiff's counsel stated: "It's not . . . an appeal from an administration agency. It's . . . a zoning enforcement action—I mean, it's a wetlands

the rule stated in *United Jewish Center* v. *Brookfield,* supra, 78 Conn. App. 63, and relied on by the plaintiff, does not apply. Further, there was no agency action that was overturned; the court ordered the exact relief requested by the prevailing party, the plaintiff.

The appeal is dismissed.

In this opinion the other judges concurred.

enforcement action . . . ." He further indicated to the court that he did not believe the case to constitute an administrative appeal.